
**FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DIANA D. MENDEZ,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>PATRICK R. DONAHOE,[*] Postmaster General, United States Postal Services (Pacific Area),<br><br>        Defendant - Appellee. | No. 11-56938<br><br>D.C. No. 2:10-cv-04494-VBF-RNB<br><br>MEMORANDUM[**] |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted July 10, 2013[***]
Pasadena, California

Before: GRABER, RAWLINSON, and WATFORD, Circuit Judges.

---

    [*]     Patrick R. Donahoe, is substituted for his predessor, John E. Potter, as Postmaster General of the United States. See Fed. R. App. P. 43(c)(2).

    [**]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [***]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Diana Mendez (Mendez) appeals the district court's grant of summary judgment in favor of Defendant Patrick R. Donahoe.

The district court correctly determined that Mendez failed to raise a material issue of fact on her disparate treatment claim or on her retaliation claim. As the district court noted, Mendez failed to identify any similarly situated employee who engaged in a pattern of similar insubordinate conduct and was not terminated. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002) (articulating the standard for reviewing the grant of summary judgment on a discrimination claim). She also failed to establish a causal link between the protected activity of filing a complaint with the Equal Employment Opportunity Commission and the adverse action. *See Hardage v. CBS Broad., Inc.*, 427 F.3d 1177, 1188-89 (9th Cir. 2005). Even if Mendez had established a *prima facie* case on either claim, she failed to establish that the stated reasons for her termination were pretextual. *See Villiarimo*, 281 F.3d at 1062-63.

Viewing the evidence in the light most favorable to Mendez, we conclude that the district court properly granted summary judgment. Mendez repeatedly failed to report to her assigned work area, continually filed leave requests for days she was scheduled to work, attempted to work the days she was not scheduled, defied her supervisor's direct order to report to her new work station, and refused

2

to participate in the investigative interviews, even after receiving warnings that participation was required. *See Lawler v. Montblanc N. Am., LLC.*, 704 F.3d 1235, 1244 (9th Cir. 2013) (affirming the grant of summary judgment on discrimination and retaliation claims).

**AFFIRMED.**